IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

FILED
NOV 27 2012
Clerk, U.S District Court
District Of Montana
Great Falls

| ERIC FLORES, | Cause No. CV-12-00093-GF-SEH-RKS |
|---|---|
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER |
| U.S. ATTORNEY GENERAL, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Eric Flores's Motion to Proceed in Forma Pauperis (C.D. 1) and proposed Complaint. C.D. 2. Mr. Flores is proceeding without counsel.[1]

Permission to proceed in forma pauperis is discretionary with the Court. See 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. Adkins v. E. I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948). "A district court may deny

---

[1] Flores names a number of other plaintiffs and seeks class certification. The Court does not allow pro se litigants to proceed together in one action. Accordingly, Eric Flores is the sole plaintiff in this case.

1

leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

Mr. Flores, a resident of El Paso, Texas, submitted a pleading entitled "Federal Tort Complaint against Torture" in which he alleges that:

> diplomatic persons of another nation that have solicitated [sic] an organized group of executive employees of the federal government that are persons of white American national origin whom reside in the geographic location of Montana to use advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to cause the petitioner and his immediate relatives severe physical or mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

C.D. 2, p. 12.

Mr. Flores's allegations are fantastic, delusional, and frivolous. His pleading falls into the category of "the irrational or wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."). Thus, dismissal and denial of permission to proceed in forma pauperis is justified on this basis.

In addition, Mr. Flores has a history of filing frivolous and vexatious litigation in other Courts. He has filed numerous complaints all over the country

2

making similar allegations. See Flores v. U.S. Atty. Gen., No. 2:12cv00575-REB (D.Id. 2012)(identical complaint filed Nov. 15, 2012); Flores v. U.S. Atty. Gen., No. 1:12-cv-1682-SEB-DKL (S.D.In. 2012)(identical complaint filed Nov. 15, 2012); Flores v. U.S. Atty. Gen., No. 2:12cv00227-WOB (E.D. Ky 2012) (identical complaint filed Nov. 13, 2012, dismissed with prejudice as fanciful on Nov. 16, 2012); Flores v. U.S. Atty. Gen., No. 4:12cv40154-TSH (D.Mass 2012)(identical complaint filed Nov. 13, 2012, dismissed with prejudice Nov. 20, 2012–listing substantively identical civil actions filed and dismissed with prejudice as frivolous and indicating that a search of PACER public records lists at least 48 cases (habeas and civil actions) filed by Mr. Flores); Flores v. U.S. Atty. Gen., No. 3:11-cv-00158-DB-RPM (W.D.Tx 2011)(substantively identical complaint filed April 25, 2011, order listing "lengthy history of vexatious filings," dismissing case, and imposing sanctions May 25, 2011).

Mr. Flores is a vexatious litigant who has submitted a frivolous and baseless complaint. The Motion to Proceed in Forma Pauperis should be denied and this matter dismissed with prejudice. Because Mr. Flores is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

3

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Mr. Flores has a history of abusing the system and filing repetitive, frivolous lawsuits. Long before he filed this action, Mr. Flores knew, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

Accordingly, the Court recommends the following Order be issued by Judge Haddon.

DATED this 26 day of November, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong, the Court issues the following:

## ORDER

1. Mr. Flores's Motion to Proceed in Forma Pauperis C.D. 1 is denied and this matter dismissed with prejudice as frivolous.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. No motions for reconsideration or rehearing will be entertained and the

4

Clerk of Court is directed to discard any such motions.

DATED this 26th day of November, 2012.

*/s/ Sam E. Haddon*

SAM E. HADDON
United States District Judge